OPINION
{¶ 1} Appellant William Lilley appeals his sentence, conviction and sexual predator finding entered in the Stark County Common Pleas Court.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On May 2, 2003, Appellant William Lilley, Stacey Lowe, Richard Smith and Brad Offill were drinking alcohol at Appellant's apartment. (T. Vol. I. at 171).
 {¶ 4} During the evening, Stacey Lowe consumed approximately three drinks of vodka. (T. Vol. I. at 174).
 {¶ 5} Subsequently, Ms. Lowe became nauseated and began vomiting. (T. Vol. I. at 177).
 {¶ 6} Appellant offered to let Ms. Lowe lie down on his bed, which she accepted. (T. Vol. I. at 178).
 {¶ 7} Ms. Lowe later awoke to find Appellant engaging in vaginal intercourse with her. (T. Vol. I. at 179). She stated that the next thing she remembers is awakening without her jeans and with her underwear on inside out, with Appellant asleep next to her. (T. Vol. I. at 180). She eventually noticed that Appellant was wearing her jeans. Id.
 {¶ 8} Ms. Lowe stated that she "felt like somebody hit me in the head with a sledge hammer. Wasn't really coherent. Really felt lost. Confused. Still felt sick, sore." Id. at 181.
 {¶ 9} After retrieving her pants from Appellant, Ms. Lowe returned home and informed her mother as to what had happened to her. Id. at 182. The police were contacted and they transported Ms. Lowe to Alliance Community Hospital, where an exam and a rape kit were performed. Id.
 {¶ 10} Appellant was indicted by the Stark County Grand Jury on one count of Rape, in violation of R.C. § 2907.02(A)(1)(a) and/or (A)(1)(c), and one count of Sexual Battery, in violation of R.C. §2907.03.
 {¶ 11} On December 3, 2002, prior to the trial in this matter, Appellant moved the trial court to "preclude any evidence of any illegal drugs . . . that were allegedly administered to the victim including GHB."
 {¶ 12} On January 13, 2003, the trial court denied said motion, holding that an expert may testify with reasonable scientific certainty concerning "observable characteristics" relying on State v. Brown
(1996), 12 Ohio App.3d 583.
 {¶ 13} At trial, the test results regarding gamma-hydroxybutyrate (GHB) were not introduced and any mention of same was redacted from the admitted documents.
 {¶ 14} Brad Taylor of the Stark County Crime Lab was permitted to give an expert opinion as to whether Stacey Lower could have been affected by both alcohol and a controlled substance.
 {¶ 15} During the trial, the State of Ohio made a motion in limine regarding the introduction of Ms. Lowe's marital status. Subsequent to a proffer and a voir dire of Ms. Lowe by the parties outside of the presence of the jury, the trial court granted said motion in limine and denied Appellant the opportunity to cross-examine Ms. Lowe as to such marital status.
 {¶ 16} The jury found Appellant guilty on both counts as charged in the indictment.
 {¶ 17} At a subsequent sentencing hearing, Appellant was sentenced to the maximum sentence of ten years on the Rape charge and to four years on the Sexual Battery charged. The Court then merged said counts for purposes of sentencing.
 {¶ 18} The Court also held a House Bill 180 hearing which resulted in Appellant being found to be a sexual predator.
 {¶ 19} It is from this conviction, sentence and sexual predator finding that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 20} "I. The trial court erred as a matter of law when it permitted expert witnesses Brad Taylor and Dr. William Greissinger to answer the state's hypothetical questions and failed to sustain appellant's objections to the questions."
 {¶ 21} "II. The trial court abused its discretion and denied appellant his constitutional rights of due process and confrontation by limiting the cross-examination of the state's key witness thereby excluding information regarding the marital status of the alleged victim at the time of the offense."
 {¶ 22} "III. The trial court abused its discretion in failing to aquit [sic] the appellant of rape pursuant to RC 2907.02(a)(1)(a) after the state's case in chief."
 {¶ 23} "IV. The trial court committed prejudicial error and deprived appellant of due process of law guaranteed by the united states and oho constitutions by finding appellant guilty of rape amd [sic] sexual battery, against the manifest weight and sufficiency of the evidence, where the state failed to offer sufficient evidence to prove each and every element of the charged offense beyond a reasonable doubt."
 {¶ 24} "V. The imposition of individual maximum sentences and an aggregate consecutive maximum sentence is against the manifest weight of the evidence and contrary to law."
 {¶ 25} "VI. The trial court's finding of sexual predator status is against the mainfest [sic] weight of the evidence and contrary to law."
 {¶ 26} "VII. The cumulative effect of errors during the trial resulted [sic] appellant being denied a fair trial."
 I. {¶ 27} In his first assignment of error, Appellant argues that the trial court erred in permitting the State's expert witnesses to answer hypothetical questions. We disagree.
 {¶ 28} Specifically, Appellant argues that the hypothetical questions posed to the expert witnesses were based on facts not in evidence.
 {¶ 29} The Ohio Rules of Evidence permit testimony by experts in the form of an opinion or otherwise. In order for a witness to offer expert testimony, the following requirements must be met: (1) the witness's testimony must either relate to matters beyond the knowledge or experience of lay persons or dispel a misconception commonly held by lay persons; (2) the witness must have specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony that qualifies the witness as an expert; and (3) the witness must base the testimony on reliable scientific, technical or other specialized information. Evid.R. 702. An expert may base an opinion on facts or data perceived by the expert or admitted in evidence at the hearing. Evid.R. 703. Evidence Rule 705 further provides that the expert must identify the facts or data supporting his or her opinion and that such disclosure may be made in response to a hypothetical question.
 {¶ 30} In the case sub judice, the victim testified that she had smoked marijuana on a previous occasion, approximately two weeks earlier. (T. Vol. I at 183). Evidence was also presented as to her physical symptoms of violent vomiting, severe headache, confusion and loss of consciousness. Id. at 181-182.
 {¶ 31} Dr. Greissinger, the treating physician, testified that to a reasonable degree of medical certainty that the victim was impaired on the night in question, based upon her symptoms and her "passing out". Id. at 274-275.
 {¶ 32} On direct examination, Brad Taylor testified that marijuana was a controlled substance and that marijuana remains in a person's system for an extended period of time. (T. Vol. II. at 329-330). Mr. Taylor was then presented with the facts of the instant case, including the victims' height, weight, alcohol consumption, etc.
 {¶ 33} The State then posed the following hypothetical question to Mr. Taylor:
 {¶ 34} ". . . do you have an opinion to a reasonable degree of scientific certainty with those observable characteristics, are those also consistent with alcohol and other controlled substances." Id. at 331.
 {¶ 35} In response, after an objection to same by the defense was overruled, Mr. Taylor opined:
 {¶ 36} "Yes. Alcohol and — when taken with other controlled substances would increase the effects and therefore the aftereffects also." Id.
 {¶ 37} Based on the foregoing, we find that Mr. Taylor's testimony was based on facts that were in evidence.
 {¶ 38} It should be noted that Appellant did not challenge the qualifications of the experts at trial. Therefore, any error assigned to such qualifications would have to be reviewed under a plain error analysis.
 {¶ 39} Moreover, even if the expert witnesses' testimony was admitted in error, we cannot find that such error amounted to plain error necessitating a reversal of defendant's convictions. Defendant has not demonstrated that the outcome of the trial clearly would have been different absent such testimony. The victim's testimony alone supports the convictions.
 {¶ 40} Accordingly, first assignment of error is not well-taken.
 II. {¶ 41} In his second assignment of error, Appellant argues that the trial court erred in excluding evidence concerning the victim's marital status. We disagree.
 {¶ 42} The trial court ruled that the victim's marital status was not relevant and even it was relevant that such relevance was outweighed by its prejudicial factors. (T. Vol. I at 198-199).
 {¶ 43} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180.
 {¶ 44} Evidence Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
 {¶ 45} As a general rule, all relevant evidence is admissible. Evidence Rule 402 provides "[a]ll relevant evidence is admissible * * * Evidence which is not relevant is not admissible."
 {¶ 46} Evidence Rule 403 vests a trial court with discretion to determine whether the probative value of proffered evidence is substantially outweighed by the danger that it is prejudicial.[1] SeeState v. Adams (1980), 62 Ohio St.2d 151, 157. We, as a reviewing court, will not interfere with the trial court's balancing of probativeness and prejudice unless the trial court has clearly abused its discretion and materially prejudiced appellant. State v. Slagle, 65 Ohio St.3d 597, 601
(citing State v. Hymore (1967), 9 Ohio St.2d 122, 128). We note the term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.State v. Xie (1992), 62 Ohio St.3d 521; State v. Moreland
(1990), 50 Ohio St.3d 58.
 {¶ 47} Our task is to look at the totality of the circumstances of a particular case, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing the disputed evidence. See State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, unreported.
 {¶ 48} Appellant argues that the victim's marital status goes to her character and could be a reason she would claim she was raped if such were not true.
 {¶ 49} We find said argument to be unpersuasive for a number of reasons. Initially, the victim's husband, from whom she is separated, currently lives in New Zealand and had not, as of the date of the trial, yet been informed as to what occurred in this matter. It would seem to this court that if her goal was to keep her husband from finding out that she had consensual sex with the Appellant, pursuing a rape charge would not further that purpose, but instead would increase the chances that he would find out about something that she could have just remained quiet about.
 {¶ 50} We agree with the trial court that in the present case, the victim's marital status was irrelevant. The issue in this case was consent. Her marital status in no way goes to prove or disprove the existence of the victim's ability to consent. Furthermore, as the victim had already testified that she had been dating Richard Smith, any evidence that she was married would have been more prejudicial than probative.
 {¶ 51} Appellant's second assignment of error is overruled.
 III., IV. {¶ 52} In his third and fourth assignments of error, Appellant argues that the trial court erred in failing to grant Appellant's motion for acquittal on the rape charge and that both verdicts were against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 53} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the State. Id.
 {¶ 54} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citingState v. Wolfe (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689.'" In essence, sufficiency is a test of adequacy.'" Smith at ¶ 7, quotingThompkins, 78 Ohio St.3d at 386.
 {¶ 55} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring). When a defendant maintains that her conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340. This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. A finding that a conviction is supported by the weight of the evidence also includes a finding of sufficiency of the evidence. Smith at ¶ 9, quoting State v. Roberts
(Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 56} In the present case, Appellant was found guilty of one count of Rape, in violation of R.C. 2907.02(A)(1)(a) and/or (c), which provides, in pertinent part:
 {¶ 57} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 58} "(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.
 {¶ 59} "à
 {¶ 60} "(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 61} Appellant was also found guilty of one count of Sexual Battery, in violation of R.C. 2907.03(A)(2), which provides, in pertinent part:
 {¶ 62} "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired."
 {¶ 63} We have reviewed the record, and we find the evidence was sufficient to support each conviction as a matter of law, and we further find the jury's verdicts were not against the manifest weight of the evidence. Upon our review of the evidence as a whole, we cannot say that the jury lost its way so as to create a manifest miscarriage of justice.
 {¶ 64} Appellant's third and fourth assignments of error are overruled.
 V. {¶ 65} In his fifth assignment of error, Appellant argues that the trial court erred in sentencing him to the maximum sentence on the rape charge. We disagree.
 {¶ 66} Pursuant to R.C. 2953.08(G), our standard of review on this issue is clear and convincing evidence. R.C. 2929.14, which governs the imposition of a maximum prison term, reads in relevant part:
 {¶ 67} "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 68} The trial court need only find one of the factors set forth in the statute in order to impose the maximum term. In State v. Redman,
Stark App. No. 2002CA00097, 2003-Ohio-646, this Court held:
 {¶ 69} "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C. 2929.19(B)(2)(d): The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 70} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 71} "Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C. 2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d). Accordingly, we must turn to the sentencing hearing to determine if the trial court stated its reasons for imposing the maximum sentence. If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for re-sentencing."
 {¶ 72} In sentencing appellant, the court stated:
 {¶ 73} "The court finds that to grant the minimum or even a short prison term within the guidelines or the prescribed prison term which could be considered, being in this case three to ten years, would demean the seriousness of the offender's conduct and that shorter prison term would not adequately protect the public form future crimes by the offender or others.
 {¶ 74} "In dealing with whether the maximum should be imposed, the longer prison term is reserved for those offenders who commit the worst from of the offense or who pose the greatest likelihood to commit future crimes.
 {¶ 75} "The difficulty which the Court has in regard to this is regardless of what period of time the Defendant had been off post-release control, and the occurrence of this offense, whether it's one year or seven days, in light of the fact that the defendant has been in prison before is a great concern for me.
 {¶ 76} "When I look at the circumstances of his life in terms of the prior involvement with the law, I am concerned about whether he is likely to commit crimes in the future.
 {¶ 77} "So, for that reason, it is ordered that the Defendant be sentences to a term of prison for ten years in regard to the Felony of the First Degree . . ."
 {¶ 78} (T. Vol. III. at 15-17).
 {¶ 79} The Court also considered the fact that Appellant had previously served a prison term. Id.
 {¶ 80} We find the trial court properly stated its reasons for imposing the maximum sentence pursuant to R.C. 2929.19(B)(2)(d). The trial court imposition of the maximum sentence was supported with clear and convincing evidence.
 {¶ 81} Appellant's fifth assignment of error is overruled.
 VI. {¶ 82} In his sixth assignment of error, Appellant argues that the sexual predator finding is against the manifest weight of the evidence. We disagree.
 {¶ 83} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. at syllabus.
 {¶ 84} Revised Code § 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. § 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 85} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's or delinquent child's age; (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender or delinquent child; (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 86} The trial court reviewed each and every one of these elements at the H.B. 180 hearing.
 {¶ 87} In finding appellant to be a sexual predator at the H.B. 180 hearing, the trial court related the following:
 {¶ 88} "That's what I'm concerned with because everything in this case, this man's life, relatively young life seems to be escalating. So my responsibility is to determine if he is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 89} "I am going to make the finding by clear and convincing evidence based upon his age, his prior record, the facts in this case, the alcohol, the jury has found that the person was substantially impaired and that the defendant knows or had reasonable cause to believe that she was substantially impaired, I'm going to find by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses and I am going to label him a sexual predator." (T. at 36-37).
 {¶ 90} Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. § 2950.09(B)(3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the sentencing hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 91} Appellant's sixth assignment of error is overruled.
 VII. {¶ 92} In his seventh and final assignment of error, Appellant argues that the cumulative effect of errors during trial resulted in Appellant being denied a fair trial. We disagree.
 {¶ 93} The doctrine of cumulative error provides that a conviction will be reversed where the cumulative effect of evidentiary errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal. State v. DeMarco (1987),31 Ohio St.3d 191, paragraph two of the syllabus.
 {¶ 94} As we have rejected each of the prior six assignments of error and, after examining them and the basis of each in combination, we fail to find that the concerns of DeMarco, supra, are applicable.
 {¶ 95} Appellant's seventh assignment of error is overruled.
 {¶ 96} The decision of the Stark County Court of Common Pleas is affirmed.
Boggins, J., Gwin, P.J., Farmer, J. concur.
[1] "(A) Exclusion mandatory
"Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Evid. R. 403.